CAROLINE M. CAMPBELL, ADMINISTRATRIX, ETC., RESPONDENT, *v.* WILLIAM HOGE, IMPLEADED WITH JAMES ROBB, APPELLANT.

*Discovery of papers — when allowed — what must be shown to entitle party to.*

A party cannot compel the production of books, papers and accounts unless it appears that such production is indispensably necessary and not simply a precautionary measure. Such necessity does not exist when the party applying may have in his possession, or under his control the means of acquiring all the information which he seeks to obtain.

APPEAL by the defendant Hoge from an order denying an application for an inspection and production of papers.

This action was brought to recover moneys deposited by the plaintiff's intestate with the defendants, his bankers. The firm of William Hoge & Co., composed of the defendants, were bankers in the city of New York and received large deposits from the

deceased between 1852 and 1856. On December 31, 1856, the defendant Robb withdrew from the firm, Hoge continuing the business, and agreeing to pay all outstanding liability. The defendant, Hoge, moved for a discovery of the "accounts, from time to time furnished by Hoge & Co. to Campbell, and all letters relating to the transactions." His petition sets forth that the plaintiff had accounts rendered, and letters written by the defendant to her husband. "That he has not in his possession, or under his control, any of the said accounts or letters or any copies of the same. That during the great length of time which has elapsed since the transactions in question, the papers and books of the firm of William Hoge & Co., which was dissolved over sixteen years ago, have become scattered and mislaid, and your petitioner does not know where to lay his hands on them, or to find them, and that even if they could be found, the contrary of which he believes, it will require time and trouble."

*John E. Burrill,* for the appellant.

*R. W. De Forest,* for the respondent.

BRADY, J.:

The papers and letters, of which discovery is sought, are accounts rendered by the defendants as a firm, and letters written by them or the defendant Hoge, in reference to the subject-matter of the accounts. It is not alleged that the books from which the accounts were made, are lost or destroyed, or that there are no copies of the letters extant. It appears on the part of the petitioner, that the firm was dissolved many years since, and that there may be some trouble in getting its books and papers together, which, in consequence of the long time that has elapsed since the dissolution mentioned, have become scattered and mislaid — the petitioner not knowing "where to lay his hands on them, or to find them." Assuming this to be true, it does not bring his application within the rules which govern such a procedure. These rules are admirably stated, and the cases collated, in Wait's Practice. * It is a fundamental requisite, that the remedy thus sought, should be indispensably necessary, and not simply a precautionary measure. †

* Vol. 2, p. 521, *et passim.*     † See Wait, *supra,* p. 532.

The nineteenth rule of this court, relating to the subject, provides that the party applying, shall show to the satisfaction of the court or judge, the materiality and necessity of the discovery sought, and is in accordance with the practice as settled by the adjudged cases. The necessity does not exist when the party applying may have in his possession, or under his control, the means of acquiring all the information which he seeks to obtain. The petitioner does not show that he is not thus situate. The accounts and letters emanated from him, and the former were predicate of books used in transacting the business of his firm, and he succeeded to them individually on its dissolution. Whether he would be able to find them upon diligent search, does not appear, nor does it appear that he has made the proper effort to find them. His application, therefore, assuming the materiality of the papers, which, it may be said, perhaps, has not been shown, is deficient in one essential element, and it was, for that reason, properly denied. If we look beyond his own statements, however, we find that his former bookkeeper saw the books containing the accounts and letters in his possession, in 1868, and that fact destroys much of the force of the allegation that the firm was dissolved many years since, and that the books and papers in consequence have become scattered. Where accounts have been rendered, and a litigation involving them springs up after the lapse of many years, it might be a just exercise of power to order their discovery in the due administration of justice, but, until the account is closed, it is the duty of the debtor to preserve, for ready use, his books and papers affecting it, that his defense may be made, and his obligations shown to have been discharged in whole or in part. The discovery is limited, however, by rules well established, and it would not be wise to depart from them, except, if at all, in a case of peculiar hardship, demanding the infraction of recognized principles.

It has not been deemed necessary to consider any other point than the one stated, namely, the insufficiency of the petitioner's papers, for the reasons assigned. The order at Special Term was, for these reasons, right, and should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed.